IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THOMAS E. SHAFFER,**

    **Petitioner,**

vs.                         Civil Action 2:17-cv-0423
                              Criminal No. 2:15-cr-0096
                              JUDGE MICHAEL H. WATSON
                              Magistrate Judge Deavers

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner has filed a motion to vacate under 28 U.S.C. § 2255. *Motion to Vacate*, ECF 73. This matter is before the Court for the preliminary review required by Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts. For the reasons that follow, it is recommended that all claims except the claim of ineffective assistance of counsel be dismissed as having been waived.

Petitioner Thomas E. Shaffer was convicted on his plea of guilty to six (6) counts of interference with commerce by threats or violence in violation of 18 U.S.C. § 1951(a), and to one (1) count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). In the *Amended Plea Agreement*, ECF 45, which was executed pursuant to the provisions of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Petitioner agreed to a sentence of imprisonment ranging from 180 to 240 months. *Id.*, at ¶ 9(b). Petitioner was sentenced to an aggregate

term of 200 months' imprisonment. *Judgment*, ECF 66. In the *Amended Plea Agreement*, Petitioner also agreed to waive most of his appellate rights:

> Defendant THOMAS E. SHAFFER waives any motions described in Fed. R. Crim. P. 12(b)(3), any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the Indictment or the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this Agreement. The defendant Further waives: (a) any right to appeal the Court's entry of judgment against defendant; (b) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742; (c) any right to collaterally attack the conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (d) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the United States, be remanded to the District Court to determine whether the defendant is in breach of this agreement, and, if so, to permit the United States to withdraw from the Plea Agreement. This waiver shall not be construed to bar a claim by the defendant for ineffective assistance of counsel or prosecutorial misconduct, or modification of sentence pursuant to a substantive change in the law or pursuant to 18 U.S.C. § 3582(c)(2).

*Amended Plea Agreement*, ¶ 12.

The *Motion to Vacate* asserts the following claims, repeated here *verbatim*:

> **GROUND ONE**: Government's nondisclosure of defendant's mental health capacity: In that; Expert Mental Confession.
>
> It is a requirement that cannot be deem to be satisfied by mere notice and hearing if the government has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the

2

presentation of testimony known to be perjured. Such a contrivance by the United States Government to procure the conviction and imprisonment of a defendant is as inconsistent with the rudimentary demands of justice as is the obtaining of a like result by intimidation.

\*\*\*

**GROUND TWO**: Trial court's dismissal of defendant's "petition/appeal" for post-conviction relief: In that;

The suppression of the evidence to wit; mental health expert testimony, contributing factors that lead to defendant's confession prior to and after proceeding to trial and sentencing phase denied defendant of due process of law and illegal conviction.

\*\*\*

**GROUND THREE**: a). Suppression of evidence by prosecution in a criminal case as vitiating conviction. (b) Conviction on testimony to be perjured as a denial of due process. (c) Conviction on perjured testimony by government.

Because of uncertaintly in the pertinent constitutional law, and because the district court did not in terms address itself to the equal protection clause, its' judgment should have been objected to by defense counsel of record.

\*\*\*

**GROUND FOUR**: Ineffective assistance of counsel: In that, As follows;

Defendant's counsel of record never introduced expert evidence about the accused life history during the sentencing proceedings nor prior notice of intent; Defendant's counsel of record rendered ineffective assistance by:
    a) Failing to investigate, and to present mitigating evidence of the accused disfunctional background; and
    b) Counsel's failure to present the accused social worker's expert testimony about his severe physical abused by parents letalone drugs and alcohol; in addition,
    c) Counsel's failure to object to the accused PSR which addressed multiple crimes in and of which the

3

        accused had no knowledge nor nexus to the nature of
        the alleged offense by the indictment, information
        or complaint.
    d) Defense counsel failed to file notice of appeal on
        behalf of his client's request, and mislead the
        accused to believe that such was imminent, but
        without further concern and to the arbitrary
        consequences that the accuse would endure in the
        post-conviction relief sought "untimely".
    e) For all the reasons set out herein and above,
        Defendant/Appellant respectfully submits that
        Counsel's ANDERS Brief was in complete error and
        prejudicial in nature.

*Motion to Vacate*.

    A waiver of appellate rights as part of a valid plea agreement is enforceable. *United States v. Wilson*, — Fed. Appx. —, 2017 WL 76921, *2 (6th Cir. Jan. 9, 2017)(citing *United States v. Toth*, 668 F.3d 374, 377-78 (6th Cir. 2012); *United States v. Wilson*, 436 F.3d 672, 674 (6th Cir. 2006)). Petitioner waived all his appellate rights as part of the *Amended Plea Agreement*, except claims of "ineffective assistance of counsel or prosecutorial misconduct, or modification of sentence pursuant to a substantive change in the law or pursuant to 18 U.S.C. § 3582(c)(2)." *Id.* at ¶ 12. The *Motion to Vacate* does not include a claim that the waiver of his appellate rights was not knowing and voluntary. Thus, Petitioner has waived his right to pursue the first three (3) claims presented in the *Motion to Vacate*.

    It is therefore **RECOMMENDED** that claims one through three be **DISMISSED** as having been waived.

    However, Petitioner's fourth claim alleges the ineffective assistance of trial counsel. The express terms of the *Amended Plea Agreement* preserved Petitioner's right to pursue that claim. The Court

4

concludes that Petitioner's claim of ineffective assistance of counsel may therefore proceed.[1]

The Clerk is **DIRECTED** to provide a copy of the *Motion to Vacate*, ECF 73, and of this *Order and Report and Recommendation*, to the United States Attorney for the Southern District of Ohio.

The United States of America is **ORDERED** to respond to the *Motion to Vacate* in accordance with the Rules Governing Section 2255 Cases in the United States District Courts within sixty (60) days of the date of this *Order*.

Petitioner may have twenty-one (21) days thereafter to file a traverse.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v.*

---

[1] In reaching this conclusion, however, the Court expresses no opinion as to the merits of such claim.

*Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)). Filing only "vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Drew v. Tessmer*, 36 F. App'x 561, 561 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

                                               *s/Norah McCann King*
                                                    Norah M$^c$Cann King
                                  United States Magistrate Judge

May 17, 2017