UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS E. SHAFFER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:17-CV-0423
CRIM. NO. 2:15-CR-0096
JUDGE MICHAEL H. WATSON
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On May 17, 2017, the Magistrate Judge issued an Order and Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts recommending that all of Petitioner's claims, with the exception of his claim of the denial of the effective assistance of counsel, be dismissed as having been waived. ECF No. 74. Petitioner has objected to the Magistrate Judge's Order and Report and Recommendation, ECF No. 77, and has moved for leave to amend. ECF No. 75.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.

The Order and Report and Recommendation, ECF No. 74, is **ADOPTED** and **AFFIRMED**. All of Petitioner's claims, with the exception of his claim of the denial of the effective assistance of counsel and prosecutorial misconduct, are hereby **DISMISSED**, as having been waived.

Petitioner's motion for leave to amend, ECF No. 75, is **DENIED**. Petitioner's Motion for Transcripts at Government Expense, ECF No. 79, and Motion for Judgment, ECF No. 80, likewise are **DENIED.**

Respondent's Motion to Hold Case In Abeyance pending Petitioner's submission of his attorney-client waiver is **GRANTED**. Petitioner shall submit a waiver of his attorney-client privilege as it relates to these claims or notify the Court of his intent to withdraw this claim within fourteen (14) days. The failure to do so may result in the dismissal of this action. Respondent may interview Petitioner's former counsel, only to the extent necessary to litigate Petitioner's habeas claims. Counsel is **ORDERED** to provide an affidavit, upon the filing of Petitioner's attorney-client waiver, solely to the extent necessary to address Petitioner's claim that he was denied the effective assistance of counsel.

Petitioner's request for the appointment of counsel is **DENIED**.

### Objection/Motion to Amend

Petitioner challenges his underlying convictions, pursuant to the terms of his Amended Plea Agreement, on six counts of interference with commerce by threats or violence, in violation of 18 U.S.C. § 1951(a) and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). As discussed, the Magistrate Judge recommended dismissal of all of Petitioner's claims, with the exception of his claim of the denial of the effective assistance of counsel, as waived pursuant to the explicit terms of Petitioner's Amended Plea Agreement, under the terms of which Petitioner

waived his right to appeal or collaterally attack his convictions and sentence except as to issues involving the ineffective assistance of counsel, prosecutorial misconduct, or "modification of sentence pursuant to a substantive change in the law or pursuant to 18 U.S.C. § 3582(c)(2)." Amended Plea Agreement, ¶ 12, ECF No. 45, PAGEID # 144.

Petitioner does now appear to raise some issues involving alleged prosecutorial misconduct. He asserts, for example, that the government procured his conviction "through a deliberate deception" and perjury and claims that the government failed to disclose or suppressed "mental health expert testimony." Obj., ECF No. 77, PAGEID # 344. Petitioner additionally seeks to amend this § 2255 motion to raise an issue regarding "[w]hether an action for criminal contempt in a congressionally created court may constitutionally be brought in the name and pursuant to the power of a private person, rather than in the name and pursuant to the power of the United States." Pro Se Mot. for Leave of Court to Amend, ECF No. 75, PAGEID # 336. Petitioner again argues that his imprisonment results from perjury and THAT the Court imposed an unduly harsh sentence based on an illegal judgment. Petitioner also refers to various allegations of the denial of the effective assistance of counsel as set forth in the § 2255 motion.

However, as discussed, Petitioner explicitly waived, pursuant to the terms of his Amended Plea Agreement, the right to raise any claims, with the exception of the denial of the effective assistance of counsel "or prosecutorial misconduct,

3

or modification of sentence pursuant to a substantive change in the law or pursuant to 18 U.S.C. § 3582(c)(2)." ECF No. 45, PAGEID # 144. Therefore, this Court will not consider any other or additional claims presented herein or in the motion to amend. "[P]lea-agreement waivers of 2255 rights are generally enforceable." *Cox v. United States*, -- F. App'x --, 2017 WL 2378208, at *2 (6th Cir. 2017) (citing *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001)). "It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)). "To be valid, the waiver simply must have been entered into knowingly and voluntarily." *Cox*, 2017 WL 2378208, at *2 (citing *Davila*, 258 F.3d at 451)). Petitioner does not allege that he did not knowingly, intelligently and voluntarily waive his appellate rights pursuant to the terms of his Amended Plea Agreement. Therefore, Petitioner's Objection, ECF No. 77, and Pro Se Motion for Leave of Court to Amend, ECF No. 75, are **DENIED.**

### Motion for Judgment

Petitioner requests the Court to grant him relief on the basis that the Respondent has yet to file a response to the Motion to Vacate under 28 U.S.C. § 2255. However, Respondent filed a motion for a stay pending submission of Petitioner's waiver of his attorney-client privilege. Further, a habeas corpus petitioner cannot obtain relief based upon the respondent's untimely response or failure to file a Return of Writ, as to grant relief on this basis would be

4

"tantamount to granting Petitioner a default judgment which is relief that is unavailable in habeas corpus proceedings." *Poulsen v. United States*, No. 2:13-cv-259, 2014 WL 7172228, at *8 (S.D. Ohio Dec. 18, 2014) (quoting *Ruff v. Jackson*, No. 1:04-cv-014, 2005 WL 1652607, at *2 (S.D. Ohio June 29, 2005); *Lemmons v. O'Sullivan*, 54 F.3d 357, 364–65 (7th Cir.1985) ("Default judgment is an extreme sanction that is disfavored in habeas corpus cases."); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir.1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir.1987) ("a default judgment is not contemplated in habeas corpus cases."); *Mahaday v. Cason*, 222 F.Supp.2d 918, 921 (E.D.Mich.2002) ("A default judgment is unavailable in a habeas corpus proceeding on the ground that state officials fail to file a timely response to the petition."). Therefore, Petitioner's Motion for Judgment, ECF No. 80, is **DENIED**.

## Request for a Stay

Respondent has filed a request to hold proceedings in abeyance pending Petitioner's submission of his written attorney-client waiver in order to secure an affidavit from defense counsel in response to Petitioner's claims. ECF No. 76. Petitioner opposes Respondent's request. Resp., ECF No. 78. According to Petitioner, he should not be required to waive his attorney-client privilege, because doing so would violate his protection against self-incrimination under the

5

Fifth Amendment and the holding of *Miranda v. Arizona*, 384 U.S. 436 (1966). This argument is not persuasive.

"The attorney-client privilege is one of the oldest recognized privileges for confidential communications[.]" *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *Hunt v. Blackburn*, 128 U.S. 464, 470 (1888)). It promotes "'full and frank communication between attorneys and their clients' " thereby serving the public interests. *Id.* Still, courts have recognized that a client implicitly waives the attorney-client privilege when he puts the attorney's performance at issue in subsequent litigation. *Mason v. Mitchell*, 293 F.Supp.2d 819, 823 (N.D. Ohio 2003) (citing *Hunt*, 128 U.S. at 464; *Bittaker v. Woodford*, 331 F.3d 715, 718–20 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."). *See also In re Lott*, 424 F.3d 446, 452-54 (6th Cir. 2005) ("To be sure, litigants cannot hide behind the privilege if they are relying upon privileged communications to make their case."); *United States v. Bilzerian,* 926 F.2d 1285, 1292 (2nd Cir. 1991) (Attorney-client "privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications."); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir.1986); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir.1975) ("Surely a client is not free to make various allegations of misconduct and incompetence while the

6

attorney's lips are sealed by invocation of the attorney-client privilege.") "The Supreme Court's path-marking ineffective-assistance case, *Strickland v. Washington*, itself hinted at this requirement." *United States v. Pinson*, 584 F.3d 972, 977 (10th Cir. 2009) (citing *Strickland,* 466 U.S. 668, 691 (1984) ("[I]nquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's . . . litigation decisions."). The American Bar Association has also recognized the limited waiver of the attorney-client privilege under such scenario.

> [O]n July 14, 2010, the ABA's Committee on Ethics and Professional Responsibility issued Formal Opinion 10-456, entitled "Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim."
> \*\*\*
>
> [T]he ABA acknowledges in the opinion that "an ineffective assistance of counsel claim ordinarily waives the attorney-client privilege with regard to some otherwise privileged information[.]" . . . [T]he ABA concludes that disclosure may be justified in certain circumstances; however, any such disclosure should be limited to that which the attorney believes is reasonably necessary and should be confined to "court-supervised" proceedings, rather than ex parte meetings with the non-client party.
>
> Simply put, the filing of an ineffective assistance of counsel claim does not operate as an unfettered waiver of all privileged communications.

*Young v. United States*, Nos. 2:13-cv-10108, 2:09-cr-00223-01, 2013 WL 2468623, at \*2 (S.D. West Va. June 7, 2013). *See also Wadford v. United States*, No. 2:06-cv-01294-PMD-1, 2011 WL 3489808 (D. S.C. Aug. 9, 2011):

7

> [T]he opinion itself notes that, "[a] client who contends that a lawyer's assistance was defective waives the privilege with respect to communications relevant to that contention." *Id.* at 2 n. 9 (quoting Restatement (Third) of the Law Governing Lawyers § 80(1)(b) & cmt. c (2000)). Additionally, an ABA Ethics Opinion is not binding, and the opinion correctly states that, "the laws, court rules, regulations, rules of professional conduct, and opinions promulgated in individual jurisdictions are controlling." Id. at 1 n. 1.

*Id.* at *8 (concluding that the petitioner had waived the attorney-client privilege by the filing of the § 2255 motion).

Thus, where, as here, a petitioner alleges that he was denied the effective assistance of counsel in § 2255 proceedings, "courts routinely issue orders finding a limited, implied waiver of the attorney-client privilege." *United States v. Clark*, No. 1:10-cr-366, 2013 WL 74616, at *1 (W.D. Mich. Jan. 7, 2013) (citing *Drake v. United States*, No. 3:05–00209, 2010 WL 3059197, at *1–2 (M.D.Tenn. July 30, 2010); *United States v. Palivos*, No. 08 CV 5589, 2010 WL 3190714, at *7 (N.D.Ill. Aug.12, 2010). This waiver will be limited solely to any communications by Petitioner with his counsel which may be pertinent to his current claims for relief. *See In re Lott*, 424 F.3d at 453 ("Courts 'must impose a waiver no broader than needed to ensure the fairness of the proceedings before it.'") (quoting *Bittaker*, 331 F.3d at 720); *see also United States v. Lossia*, No. 04-80482, 2008 WL 192274, at *2 (E.D. Mich. Jan. 23, 2008) ("Respondent is permitted to interview Petitioner's former counsel, but only to the extent necessary to litigate Petitioner's habeas claims.") (citation omitted). Further, it

has been this Court's practice to require a petitioner to submit a written waiver of his attorney-client privilege as it relates to the claims made in the § 2255 motion. *See Szewczyk v. United States*, Nos. 2:11-cv-786, 2:10-cr-91, 2013 WL 950872, at *2 (S.D. Ohio March 12, 2013).

In sum, the Court finds that the Petitioner has implicitly waived his attorney-client privilege as it relates to his claim of the denial of the effective assistance of counsel claims in this action. Accordingly, Respondent's Motion to Hold Case In Abeyance, ECF No. 76, pending Petitioner's submission of his attorney-client waiver is **GRANTED**.

### Motion for Transcripts

Petitioner requests a free copy of the transcript of his guilty plea and sentencing hearing. However, the Respondent has yet to file a response to Petitioner's claims. Therefore, Petitioner's motion for a copy of the transcript of his guilty plea and sentencing hearing is **DENIED** without prejudice to renewal at a later date.

Petitioner shall submit a waiver of his attorney-client privilege as it relates to this claim or notify the Court of his intent to withdraw this claim within fourteen (14) days. The failure to do so may result in the dismissal of this action. Respondent may interview Petitioner's former counsel, but only to the extent necessary to litigate Petitioner's habeas claims. Counsel is **ORDERED** to provide an affidavit, upon Petitioner's written submission of the attorney-client

waiver, again, solely to the extent necessary to address Petitioner's claim of the denial of the effective assistance of counsel.

The Order and Report and Recommendation, ECF No. 74, is **ADOPTED** and **AFFIRMED**. All of Petitioner's claims, with the exception of his claim of the denial of the effective assistance of counsel and prosecutorial misconduct, are hereby **DISMISSED**, as having been waived.

Petitioner's motion for leave to amend, ECF No. 75, is **DENIED**.

Respondent shall file an answer to the petition in accordance with the provisions of Rule 5(a), Rules Governing Section 2255 Cases in the United States District Courts within thirty (30) days of Petitioner's submission of a written waiver of his attorney-client privilege or withdrawal of this claim. Petitioner has fourteen (14) days thereafter to file a response.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT