IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS E. SHAFFER,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent

Case No. 2:17-cv-423
Crim. No. 2:15-cr-096
Judge Michael H. Watson
Chief Magistrate Judge Elizabeth P. Deavers

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 73.) This matter is before the Court on that motion, as amended, Respondent's *Response in Opposition* (ECF No. 88), Petitioner's Reply (ECF No. 89), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMEND** that this action be **DISMISSED**.

Petitioner's *Motion for Leave to Amend and Supplement* (ECF No. 87) is **GRANTED.**

## I. Facts and Procedural History

On November 9, 2015, Petitioner pleaded guilty pursuant to the terms of his *Amended Plea Agreement* to Counts 1, 3, 5, 7, 9, 11, and 12 of the *Indictment*, which charged him with six counts of interference with interstate commerce by violence, in violation of 18 U.S.C. § 1951(a), and one count of possessing and brandishing one or more firearms during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (ECF Nos. 42, 45.) Under the terms of his *Amended Plea Agreement* (ECF No. 45), and under the provisions of Rule 11(c)(1)(C)[1] of the

---

[1] Rule 11(c)(1)(C) provides:

    Plea Agreement Procedure.

Federal Rules of Criminal Procedure, Petitioner agreed to a sentence of between 180 and 240 months of imprisonment. (*Id.* at ¶ 9(b).) By *Judgment* entered on June 15, 2016, the Court imposed an aggregate term of 200 months' imprisonment, to be followed by five years supervised release. (ECF No. 66.) Petitioner did not file a timely appeal. On April 24, 2017, the Court denied his *Motion for Leave to Appeal*. (ECF No. 72.)

On May 16, 2017, Petitioner filed this *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 73.) On January 25, 2018, the Court issued an *Opinion and Order* dismissing all of Petitioner's claims, with the exception of his claim of the denial of the effective assistance of counsel and prosecutorial misconduct, as having been waived under the explicit terms of Petitioner's negotiated *Amended Plea Agreement*. (ECF No. 81.)

**Motion for Leave to Amend and Supplement**

Petitioner requests to amend the motion to vacate sentence under 28 U.S.C. § 2255 to include additional argument and supplemental authority in support of his claim that his attorney performed in a constitutionally ineffective manner by failing to introduce the psychological report

---

> (1) In General. An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:
>
> \*\*\*
>
> (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

Fed. R. Civ. P. 11(c)(1)(C).

of Dr. David J. Tennenbaum as mitigating evidence in support of a downward departure at sentencing. Petitioner requests to withdraw any remaining allegations of the denial of the effective assistance of counsel. (ECF No. 87, PAGEID # 441.) Respondent does not oppose Petitioner's requests.

The motion to amend (ECF No. 87), hereby is **GRANTED**.

Thus, the sole issues now remaining for this Court's review include Petitioner's claim of the denial of the effective assistance of counsel at sentencing, based on his attorney's alleged failure to present a Tennenbaum's psychological evaluation as mitigating evidence and an apparent claim of prosecutorial misconduct. (See ECF No. 73, PAGEID # 317, 319.). For the reasons that follow, both of these claims plainly lack merit.

**Standard of Review**

In order to obtain relief under 28 U.S.C. § 2255, a petitioner must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck*, 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States, the trial court lacked jurisdiction, the sentence was in excess of the maximum sentence allowed by law, or the judgment or conviction is "otherwise subject to collateral attack." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). In the absence of constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428–429 (1962)); *see also Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2006). However, "'[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal

absent highly exception circumstances.'" *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting *United States v. Brown*, 62 F.3d 1418 (6th Cir. 1995) (unpublished)). Further, if a petitioner fails to raise a non-constitutional claim at trial or on direct appeal, he or she has waived the matters for collateral review except where the errors amount to something akin to a denial of due process. Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained on a motion to vacate under § 2255 unless the petitioner shows: (1) cause and actual prejudice sufficient to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (internal citations omitted).

**Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that counsel's performance was deficient, or that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment, and that this deficient performance prejudiced the petitioner. *Id.* at 687. This showing requires that defense counsel's errors were so serious as to deprive the defendant of a fair and reliable trial. *Id.*

"Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 599 U.S. 356, 371 (2010). Given the difficulties inherent in determining whether an attorney's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Strickland*, 466 U.S. at 689. Nevertheless, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

Therefore, a petitioner must also establish prejudice in order to prevail on a claim of ineffective assistance of counsel. *Id*. at 692.

In order to establish prejudice, a petitioner must demonstrate that a reasonable probability exists that, but for counsel's errors, the result of the proceedings would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because a petitioner must satisfy both prongs of *Strickland* in order to demonstrate ineffective assistance of counsel, should a court determine that the petitioner has failed to satisfy one prong, it need not consider the other. *Id*. at 697.

As discussed, Petitioner claims that his attorney improperly failed to present mitigating evidence contained in Tennenbaum's psychological report regarding his life history and circumstances, including a dysfunctional family history, the use of drugs and alcohol, physical abuse by his parents, and facts indicating that he had endured extreme psychological pressure related to caring for two children with severe health issues as well as the potential eviction during the time of the crimes charged. The record does not support this claim.

To the contrary, the record shows that, on May 31, 2016, defense counsel submitted, under seal, the psychological report by Dr. David J. Tennenbaum to which Petitioner, detailing his family history and other relevant issues discussed. The Court reviewed this document prior to imposition of sentence. (ECF No. 58, PAGEID # 195-203; *see Transcript*, ECF No. 84, PAGEID # 414-15.) Additionally, counsel filed a *Sentencing Memorandum* arguing for a reduced sentence on these same grounds, including Petitioner's lack of any prior criminal history, the "tragic life events" he had endured, and the "horrible circumstances that caused him to give up and break down." Defense counsel specifically referred to the severe health issues of Petitioner's children, the care they required, the death of Petitioner's daughter and brother, and Petitioner's own health issues.

5

(PAGEID # 213-14.) Defense counsel also attached photographs, reference letters, and other documentation, including a letter from the Petitioner, in support. (ECF Nos. 55, 56, 58, 59, 63, 64.) These issues again are referred to in the *PreSentence Investigation Report*, ¶¶ 103-108, 113. At sentencing, Petitioner's sister, Kathy Whanger, requested mercy on his behalf. *Sentencing Transcript* (ECF No. 84, PAGEID # 419-20.)

Therefore, and contrary to Petitioner's allegation here, defense counsel did present this mitigating evidence in support of a reduced sentence. Petitioner therefore cannot establish ineffective assistance of counsel on this basis. Further, Petitioner does not refer to, and the record does not reflect, that defense counsel could have presented any additional evidence or made any other arguments that would have resulted in a lower sentence. At the sentencing hearing, the Court noted:

> These are a series of armed robberies at gunpoint with a loaded weapon in each instance. I can only imagine how traumatized these people were. And all of the mitigation in the world isn't going to change the fact that they were traumatized by it. . . . [Y]ou don't forget having a firearm stuck in your ribs or being ordered to lie on the floor face down not knowing whether you're going to catch a bullet. And they certainly didn't know what your intentions were at the time. . . . There's no denying the personal tragedy that has taken place with your children but none of that justifies what you've done.

*Sentencing Transcript* (ECF No. 84, PAGEID # 411-412.)

Petitioner has failed to establish a claim for ineffective assistance of counsel.

**Prosecutorial Misconduct**

Petitioner also appears to raise a claim of prosecutorial misconduct.[2] He refers to "suppression of evidence by prosecution. . . as vitia[t]ing conviction" and to "perjured testimony

---

[2] It is not clear whether Petitioner intended to withdraw this issue, and the Court addresses it in an abundance of caution.

6

by the government." *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 73, PAGEID # 319.) However, Petitioner does not further elaborate or clarify the basis for this claim.

> A petitioner [ ] bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

*United States v. Noble*, No. 1:14-cr-135, 2017 WL 626130, at *3 (N.D. Ohio Feb. 15, 2017); *see also Kidd v. United States*, Nos. 1:12-cv-358, 1:10-cr-114, 2013 WL 6795977, at *1 (E.D. Tenn. Dec. 20, 2013) (claim that is difficult to decipher and without factual support violates Rule 2(b) of the Rules Governing Section 2255 Proceedings in the United States District Court, and subject to dismissal on that basis). Such are the circumstances here. The Court is unable to determine the nature of Petitioner's claim of prosecutorial misconduct, nor is such allegation apparent from the record before the Court.

This claim does not provide a basis for relief.

**Recommended Disposition**

Therefore, it is **RECOMMENDED** that the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 73) be **DISMISSED.**

**Procedure on Objections**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this *Report and Recommendation*, and the part in question, as well as the basis for objection28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response

7

to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

*s/ Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
Chief United States Magistrate Judge